UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LAWRENCE HAYS,

      Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 2:18-cv-00129-JVB-JEM

**OPINION AND ORDER**

Plaintiff Lawrence H. seeks judicial review of the Social Security Commissioner's decision denying his disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits under Title II. In his application, Plaintiff alleged that he became disabled on November 15, 2013. (R. at 15.) After a video hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of cervical degenerative disc disease status-post fusion, cervicogenic headaches, bilateral carpal tunnel syndrome, and lumbar degenerative disc disease. (R. at 17.) The ALJ found that Plaintiff could not perform past relevant work. (R. at 26.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 26–27.) Therefore, the ALJ found him to be not disabled. (R. at 27.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## D. Analysis

Plaintiff contends that the ALJ committed four reversible errors. He asserts that the ALJ erred in finding Plaintiff's mental impairments to be non-severe, in failing to accommodate

Plaintiff's mental limitations in the RFC, in the subjective symptom analysis, and in weighing medical opinion evidence.

**(1) Mental Impairments**

Plaintiff claims that the ALJ erred because he did not classify Plaintiff's mental impairments as severe. Specifically, Plaintiff refers to his major depressive disorder and anxiety disorder.

During step two of the disability evaluation process, the ALJ is required to determine whether claimant "had a severe impairment." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). Furthermore, the ALJ is required to consider the impairments in his RFC analysis, but there is no requirement that he label a particular impairment as severe. *Castile v. Astrue*, 617 F.3d 923, 926–27 (7th Cir. 2010).

Plaintiff argues that although the ALJ acknowledged his mental impairment diagnoses, he improperly found them to be nonsevere due to improvement with psychotherapy and psychotropic medications. Plaintiff asserts that improvement is not enough; rather, the key is whether Plaintiff's improved enough to be capable of sustaining full time employment. Here, the ALJ properly supported his assertion that Plaintiff's impairments were nonsevere.

In finding that Plaintiff's mental impairments were nonsevere, the ALJ relied on contrasting early treatment notes with later mental status exams and treatment notes. While Plaintiff's psychological consultative exam in 2014 diagnosed Plaintiff with "disruptive mood dysregulation disorder, due to chronic pain, moderate," the examiner also noted that Plaintiff was cooperative with focused concentration and intact memory. (R. at 373–75.) The examiner also noted that any irritability was due to pain. (*Id.*) Later treatment notes from the Veterans Affairs

Clinic note that Plaintiff showed a pleasant and cooperative attitude, clear and logical thought process, a depressed mood due to chronic pain issues, and no active suicidal ideations. (R. at 18.) The ALJ then stated that Plaintiff's psychiatry assessment from the Veterans Affairs Clinic in 2016 found that he appeared only mildly depressed. (R. at 18.) Plaintiff's psychiatrist, Dr. George Paniotte, noted that Plaintiff's depressive symptoms had improved since starting treatment, with Plaintiff reporting less anxiety, worry, irritability, anger, and depression with his new medications. (*Id.*) The ALJ also noted that Plaintiff stated that his chronic pain was the source of his depression and anxiety, and that his irritability, panic attacks, and mood swings improved with treatment. (*Id.*) The ALJ further found that treatment notes from 2016 and 2017 corroborated Plaintiff's statements that his symptoms improved with treatment. (*Id.*) Finally, the ALJ relied on Plaintiff's own reports that he began to babysit his grandson more often and was able to attend social gatherings and enjoy himself. (*Id.*) The ALJ properly supported his conclusions with substantial evidence in finding that Plaintiff's depression and anxiety were non-severe impairments.

Even if the ALJ did err in finding Plaintiff's mental impairments nonsevere, it is not enough to remand this case. A failure to find an impairment severe is "of no consequence with respect to the outcome of the case" if the ALJ recognized other severe impairments, proceeded to later steps, and considered the nonsevere impairments at later steps. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010). The ALJ did so here, and therefore the Court need not remand this case. *Curvin v. Colvin*, 778 F.3d 645, 649–50 (7th Cir. Feb 11, 2015).

**(2) RFC Analysis**

Plaintiff argues that the ALJ failed to properly accommodate his mental impairments in the RFC. Plaintiff asserts that the ALJ did no more than repeat a small sample of the Step 2 findings. Plaintiff takes issue with two specific portions of the ALJ's RFC: first, the ALJ failed to include limitations related to Plaintiff's deficiencies in concentration, persistence, or pace; and second, the ALJ filed to include limitations related to Plaintiff's difficulties in social functioning.

Plaintiff failed to cite to any cases to support his assertion that the ALJ failed to incorporate limitations for Plaintiff's deficiencies in concentration, persistence, or pace. The ALJ found that Plaintiff had mild limitations in concentrating, persisting, or maintaining pace. (R. at 19.) The ALJ noted that Plaintiff testified that his headaches caused difficulties in concentration, not his depression. (*Id.*) Further, Plaintiff's psychological consultative examination showed that Plaintiff had intact concentration, logical thoughts, and could recall six digits forwards, four digits backwards, and recall four of six items after a ten-minute elapse. (*Id.*) Based on these findings, the ALJ limited Plaintiff to understanding, remembering, and carrying out detailed but not complex tasks. Plaintiff fails to cite to any case law or argue as to why this limitation does not adequately accommodate his mild limitations. The ALJ gave great weight to the reviewing agency physicians' opinions, who also found that Plaintiff had mild limitations in concentration, persistence, or pace. The state agency physicians did not accommodate Plaintiff's mild limitations, yet the ALJ provided the limitation to understanding, remembering, and carrying out detailed but not complex tasks. The ALJ properly found that Plaintiff did not require more restrictive limitations in the RFC to accommodate his mild limitations in concentration, persistence, or pace.

The ALJ also relied on the state agency physicians in finding that Plaintiff had a mild limitation in interacting with others. The ALJ found that, although Plaintiff testified that his pain caused him to "snap" at people and have mood swings, he also testified that his mood swings have improved since starting medication. (R. at 19.) Plaintiff also testified that he gets along with authority figures and has never lost a job due to trouble getting along with others. (*Id.*) The consultative examiner also noted that Plaintiff was cooperative, engaging, and personable without any signs of trouble interacting with others. (*Id.*) Therefore, the ALJ limited Plaintiff to detailed but not complex tasks, but he did not include limitations for socialization. (*Id.*) Further, the ALJ noted in his RFC discussion that the medical records show that Plaintiff's mental health is controlled with therapy and medication, and that Plaintiff admits to being able to complete daily tasks. (R. at 24–25.) The ALJ sufficiently discussed his findings that Plaintiff's mental impairments were controlled with medication, and that Plaintiff did not need further mental limitations in the RFC. Plaintiff is merely asking the ALJ to reweigh evidence that he believes the ALJ did not give enough weight. The Court will not reweigh evidence, and the ALJ properly supported his decision with substantial evidence.

**(3) Subjective Symptoms**

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)–(vii).

Plaintiff asserts that the ALJ ignored evidence favorable to him in finding that his subjective symptoms were inconsistent with the medical evidence. Plaintiff lists multiple pieces of evidence that he asserts the ALJ failed to consider in the subjective symptom analysis. However, the ALJ considered all the evidence that Plaintiff discusses. The ALJ contrasted the evidence with other medical evidence in finding that Plaintiff's subjective symptoms were not as severe as he alleged. For instance, Plaintiff asserts that the ALJ ignores that a neurologist recommended physical therapy and pain medication to address Plaintiff's worsening neck pain from chronic cervicogenic headaches. However, the ALJ noted the neurologist's recommendations, but contrasted it with the physical therapy assessment indicating full muscle strength in the cervical region as well as an ability to cook, clean, climb stairs, and walk for one mile. (R. at 23.)

Plaintiff also asserts that the ALJ ignored evidence in Plaintiff's consultative examination, which showed limited range of motion in the neck and a recommendation for further treatment. However, the ALJ documented the consultative examiner's findings, but noted that following a course of physical therapy, Plaintiff's neck pain was reduced to a four out of ten. The ALJ also noted Plaintiff's further treatment for his neck pain, as well as his degenerative

7

disc disease (contrary to Plaintiff's assertion). However, the ALJ also noted that medication changes relieved Plaintiff's back pain. (R. at 23.) Although Plaintiff may not agree with the ALJ's treatment of the evidence, the ALJ did not cherry pick or ignore evidence. Plaintiff's argument is not consistent with the ALJ's decision. The Court will not reweigh evidence. The ALJ did not ignore evidence, but rather supported his decision with substantial evidence.

**(4) Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in giving the non-examining state agency consultants more weight than treating physicians. The ALJ gave the state agency medical consultant's great weight. (R. at 25.) The ALJ based this decision on their familiarity with the Social Security Administration evaluation process and the consistency of their opinion with the medical evidence. The ALJ noted that Plaintiff testified to mild concentration issues due to chronic pain, and therefore limited him to detailed but not complex tasks. (*Id.*) The ALJ gave the Veterans Affairs opinion of ten percent disability rating some weight, noting that an opinion of disability was an issue reserved to the Commissioner, but should still be considered in determining Plaintiff's RFC. (*Id.*) Finally, The ALJ gave only some weight to the consultative examiner, Dr. Bharat Pithadia, M.D., noting that Dr. Pithadia did not provide functional limitations. (*Id.*) Further, the ALJ found that Dr. Pithadia's statements contradicted Plaintiff's own statements regarding his daily activities. (*Id.*) Finally, the ALJ gave Plaintiff's fiancé's third-party statement some weight, finding them inconsistent with the medical evidence and opinions in the record. (*Id.*) The ALJ also noted that Plaintiff's fiancé was not a disinterested third party, and her relationship with Plaintiff would cause her to have a natural tendency to agree with Plaintiff's subjective symptom allegations. (*Id.*)

8

The consultative examiner only saw Plaintiff once, and the consultative examiner failed to identify any specific functional limitations. The ALJ properly gave such an opinion limited weight. *See Murphy v. Astrue*, 454 Fed. Appx 514, 518 (7th Cir. 2012) (the ALJ properly gave a consultative examiner less than controlling weight when the consultative examiner failed to identify any specific functional limitations). Further, the ALJ appropriately found that the consultative examiner's statements regarding Plaintiff's daily activities contradicted Plaintiff's own statements. (R. at 25.) The ALJ supported his decision to give the consultative examiner some weight with substantial evidence. Plaintiff asserts that the ALJ failed to differentiate between treating, examining, and non-examining medical professionals. However, there were no treating opinions in the record, and the ALJ clearly delineated between the examining and non-examining opinions. The ALJ did not err in giving the consultative examiner only "some weight."

Plaintiff also takes issue with the ALJ's treatment of the disability rating from the Department of Veterans Affairs ("VA") related to plaintiff's asthma. Plaintiff argues that the VA's disability rating could not be dismissed simply because the VA standards are different from the Social Security Administration's standards. The ALJ, however, did not dismiss the VA's opinion on those grounds alone. Instead, the ALJ noted that a finding of disability is reserved for the Commissioner and that a ten percent disability rating from the VA would be considered in creating the RFC. Plaintiff cites to *Hall v Colvin*, 778 F.3d 688 (7th Cir. 2015), to support his argument. However, in *Hall*, the VA found that the claimant was totally unemployable, which the ALJ in that case ignored. *Hall*, 778 F.3d at 691. Here, the VA only found that Plaintiff was ten percent disabled due to asthma, a condition that the ALJ did not even

find to be severe. (R. at 17.) The ALJ properly gave the VA's disability rating only "some weight."

Finally, the ALJ properly gave Plaintiff's fiancé some weight, as he did not solely base this decision on finding her neither disinterested nor medically trained as Plaintiff alleges. Instead, the ALJ listed multiple areas where Plaintiff's fiancé contradicted the medical evidence and medical opinions in the record. The ALJ properly supported his opinion with substantial evidence and did not err in weighing the medical evidence.

**(E) Conclusion**

The ALJ properly found Plaintiff's mental impairments to be nonsevere; accounted for Plaintiff's mental limitations in the RFC; accorded due consideration to Plaintiff's subjective allegations; and weighed the medical opinion evidence. For these reasons, the Court affirms the ALJ's decision.

SO ORDERED on July 15, 2019.

   s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE